UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAY M. BLOCK,

    Petitioner,

-vs-                                            Case No. 8:15-cv-2442-T-36JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, a Florida prisoner, initiated this action by filing a petition for the writ of habeas corpus pursuant to 28 U.S.C. Section 2254 (Dkt. 1). The petition was stricken with leave to amend (Dkt. 15). Petitioner's amended petition (Dkt. 17) likewise was stricken (Dkt. 32). He thereafter filed a second amended petition (Dkt. 40), which Respondent opposes (Dkt. 46). Upon consideration, the petition will be denied.

The second amended petition alleges two claims:[1]

1.     [Petitioner's] conviction for both leaving the scene of a crash with bodily injury or death (Count 1) and leaving the scene of a crash (Count 3) violates double jeopardy; and

2.     The trial court improperly imposed 120 victim injury points, which led to the imposition of a harsher sentence.

**I. RELEVANT PROCEDURAL HISTORY**

Petitioner pleaded no contest to leaving the scene of a crash with death (Count 1), driving

---

[1] Although Petitioner refiled his amended petition with his second amended petition, and the amended petition alleged seven claims (Dkt. 40, pp. 11-39), he moves the court to "disregard" all of his claims except his "Double Jeopardy Claim and the Victim Injury Points Claim" (*Id.*, p. 6), and "re-evaluate just these 2 major points now listed. . ." (*Id.*, p. 7).

while license cancelled, suspended or revoked and causing serious bodily injury or death (Count 2), leaving scene of a crash (Count 3), no motor vehicle insurance (Count 4), attaching tag not assigned (Count 5), and failure of defendant on bail to appear (Count 6) (Dkt. 47-2, docket p. 144). He was sentenced to 15 years in prison on Count 1, 121.35 months in prison on Counts 2 and 6, concurrent to each other and Count 1, and time-served on Counts 3, 4, and 5 (Dkt. 47-3, docket pp. 250-54).

His convictions and sentences were affirmed on appeal. *Block v. State*, 60 So.3d 1059 (Fla. 2d DCA 2011).

Petitioner filed a post-conviction motion under Rule 3.850, Florida Rules of Criminal Procedure, in which he raised, among other things, his Double Jeopardy and improperly assessed victim injury points claims (Dkt. 47-3, docket pp. 429-32). The state post-conviction court directed the State to respond to the Double Jeopardy claim, and denied the victim injury points claim (Dkt. 47-4, docket pp. 4-6). After the State responded (*Id.*, docket pp. 67-68), the state post-conviction court denied the Double Jeopardy claim without an evidentiary hearing (*Id.*, docket pp. 70-72). The denial of Petitioner's Rule 3.850 motion was affirmed on appeal (*Id.*, docket p. 118).

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible

under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

**Standard of Review Under the AEDPA**

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

3

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**Ineffective Assistance of Counsel Standard**

Claims of ineffective assistance of counsel are analyzed under the test set forth in *Strickland* v. *Washington*, 466 U.S. 668 (1984), which requires a petitioner to demonstrate both deficient performance by counsel and resulting prejudice. Demonstrating deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id*. at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. Additionally, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*.

Petitioner must demonstrate that counsel's alleged errors prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the

4

judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691-92. To show prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Sustaining a claim of ineffective assistance of counsel on federal habeas review is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted). *See also Cullen v. Pinholster*, 563 U.S. 170, 202 (2011) (a petitioner must overcome the "'doubly deferential' standard of *Strickland* and AEDPA.") (citation omitted).

If a claim of ineffective assistance of counsel can be resolved through one of the *Strickland* test's two prongs, the other prong need not be considered. 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds.").

## III. ANALYSIS

**Ground One**

Petitioner contends that his convictions for both leaving the scene of a crash with bodily injury or death under Section 316.027(1)(b), Florida Statutes, and leaving the scene of a crash under Section 316.061(1), Florida Statutes, violate the constitutional prohibition against double jeopardy because the crime of leaving the scene of a crash is a lesser included offense of leaving the scene of a crash with bodily injury or death (Dkt. 40, docket p. 4). He asserts that the "proper remedy"

5

is to vacate the "lesser offense conviction" (leaving the scene of a crash) (*Id.*). He further opines that had the leaving the scene of a crash conviction been vacated, "it would. . .have reduced his scoresheet total." (*Id.*). Finally, Petitioner contends that the state post-conviction court erred and violated his rights under the Florida Constitution in denying this claim without an evidentiary hearing, and without attaching any portion of the record to the order denying the claim (*Id.*, docket pp. 4-5).

In denying this claim, the state post-conviction court stated:

> In his first ground, the Defendant alleges that his trial counsel failed to advise him that dual convictions for Leaving the Scene of a Crash With Death (Count 1) and Leaving the Scene of a Crash (Count 3) arising from the same accident violated the Double Jeopardy clause of the Fifth Amendment to the U.S. Constitution. The Defendant further alleges that he would have insisted on proceeding to trial had his counsel properly advised him of the Double Jeopardy issue.
>
> The double jeopardy clause of the United States Constitution is violated where a defendant receives multiple punishments for a single offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In determining whether a defendant has been exposed to double jeopardy as a result of multiple convictions, courts employ the *Blockburger* [FN2] test, as codified in Section 775.021, Fla. Stat. (2007). Under this test, if the legislature does not clearly state whether a defendant may be convicted of both of two statutorily defined crimes, a defendant's double jeopardy rights will have been violated if he is convicted of two offenses and (1) the offenses require identical elements of proof; (2) the offenses are degrees of the same offense; or (3) one of the offenses is a lesser included offense of the other offense. Section 775.021(4)(b), Fla. Stat.
>
> Section 316.061(1), Fla. Stat. (2007), prohibits leaving the scene of a "crash resulting only in damage to a vehicle or other property." Section 316.027(1)(b), Fla. Stat. (2007), prohibits leaving the scene of a "crash resulting in the death of any person." The two offenses each require proof of an element that the other does not. In addition, the two offenses are not degrees of the same offense. [FN3] The remaining question is whether the statutory elements of Leaving the Scene of a Crash are subsumed by the offense of Leaving the Scene of a Crash With Death (or vice versa). "Unless one offense subsumes all of the elements of the other, there is no impediment to separate sentences for each criminal offense." *Brown v. State*, 761 So. 2d 1135, 1138 (Fla. 1st DCA 2000), *decision approved*, 781 So. 2d

1083 (Fla. 2001).

Although both offenses involve a vehicle crash, property damage is not a necessary component of death of a person. It would be inconsistent to hold that an offense entailing only damage to a vehicle or property is a lesser-included offense of the offense of leaving the scene of a crash with death. *Cf. Peterson v. State*, 775 So. 2d 376 (Fla. 4th DCA 2000) (true inconsistent verdict resulted where jury found defendant, for one incident, guilty of both leaving the scene of an accident with injuries and leaving the scene of an accident resulting only in damage to a vehicle since the first offense negated a necessary element of the second offense). Thus, the Court finds that neither offense subsumes the elements of the other and that the Defendant's convictions do not violate Double Jeopardy.

Since the Court finds no Double Jeopardy violation occurred in the present case, it follows that the Defendant's counsel was not ineffective for, as alleged by the Defendant, failing to advise the Defendant of such a violation. Ground 1 is denied.

[FN2] *Blockburger v. United States*, 284 U.S. 299 (1932).

[FN3] For an example of charged offenses that are different degrees of the same crime, see *Hardy v. State*, 705 So. 2d 979 (Fla. 4th DCA 1998) (dual convictions for leaving the scene of a crash involving injury and leaving the scene of an accident involving death violated prohibition against double jeopardy where both convictions related to same accident).

(Dkt. 47-4, docket pp. 70-72).

The Double Jeopardy Clause of the United States Constitution provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." The Double Jeopardy Clause protects defendants in three situations: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; or (3) multiple punishments for the same offense. *Jones v. Thomas*, 491 U.S. 376, 380-381 (1989). Petitioner contends that he was punished twice for the same offense because the crime of leaving the scene of a crash is a lesser included offense of leaving the scene of a crash with bodily injury or death.

In evaluating a double jeopardy claim, *Blockburger* provides that:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

284 U.S. at 304. "If each offense requires proof of a fact that the other does not, the *Blockburger* test is satisfied despite any overlap in the proof necessary to establish the crimes." *United States v. Moore*, 43 F.3d 568, 571 (11th Cir. 1994) (citing *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975)).

At the time of Petitioner's offense conduct, 316.027(1)(b) provided, in pertinent part, that:

> "[t]he driver of any vehicle involved in a crash occurring on public or private property that results in the death of any person must immediately stop the vehicle at the scene of the crash, or as close thereto as possible, and must remain at the scene of the crash until he or she has fulfilled the requirements of s. 316.062. Any person who willfully violates this paragraph commits a felony of the first degree. . . .

Fla. Stat. § 316.027(1)(b) (2007).

Section 316.061(1) provided, in pertinent part, that:

> The driver of any vehicle involved in a crash resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop such vehicle at the scene of such crash or as close thereto as possible, and shall forthwith return to, and in every event shall remain at, the scene of the crash until he or she has fulfilled the requirements of s. 316.062. A person who violates this subsection commits a misdemeanor of the second degree. . . .

Fla. Stat. § 316.061(1) (2007).

Each offense requires proof of an element that the other does not.[2] Furthermore, leaving the scene of a crash involving death is not a lesser included offense of leaving the scene of a crash involving only damage to property, and leaving the scene of a crash involving only damage to property is not a lesser included offense of leaving the scene of a crash involving death. *See* Florida

---

[2] 316.027(1) requires proof that a person died. 316.016(1) requires proof that property was damaged.

Standard Jury Instructions in Criminal Cases, Fourth Edition, Part Two: Instruction on Crimes, Chapter 28.4 Leaving the Scene of Crash Involving Death or Injury; Chapter 28.4(a) Leaving the Scene of Crash Involving Only Damage to an Attended Vehicle or Attended Property (2006). Thus, Petitioner has not demonstrated that either of these convictions resulted from his twice being placed in jeopardy.

The state decision resulted in a reasonable application of *Blockburger* and a reasonable determination of the facts in light of the evidence. Petitioner therefore does not show the state decision was contrary to or an unreasonable application of federal law as established by the Supreme Court or an unreasonable determination of the facts in light of the evidence.

Finally, Petitioner contends that the state post-conviction court erred and denied his rights under the Florida Constitution by denying his Rule 3.850 motion without an evidentiary hearing or attaching portions of the record to the order denying the motion. This claim relates to a perceived error in the state post-conviction proceedings.

"[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1261–62 (11th Cir. 2004) (citing *Spradley* v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987)); *Carroll v. Sec'y Dep't of Corr.*, 574 F.3d 1354 (11th Cir. 2009). Petitioner's claim is unrelated to the cause of his detention, and thus habeas relief is not available to address this claim. *See Carroll*, 574 F. 3d at 1354; *Spradley*, 825 F.2d at 1568. Therefore, this claim is denied. *See, e. g., Beier v. Butler*, 2009 WL 189940, at *8–9 (M.D. Fla. Jan. 23, 2009) (denying claims asserting errors in the manner in which the state court conducted the post-conviction proceedings because the claims were unrelated to the cause of detention and consequently, did not

state a basis for federal habeas relief).

Accordingly, Ground One does not warrant habeas corpus relief.

**Ground Two**

Petitioner contends that the 120 victim injury points included on his Sentencing Scoresheet for the death of the victim were improperly assessed for the offense of leaving the scene of a crash. He asserts that "[t]his is a <u>clear violation of Florida law</u> and should be corrected immediately!" (Dkt. 40, docket p. 5) (emphasis in original). Respondent argues that this claim is not cognizable on federal habeas review (Dkt. 46, p. 24). The Court agrees.

Petitioner does not present a federal claim as to this argument. He identifies no specific constitutional violation and presents argument solely involving state sentencing law. Federal habeas relief can only be granted on the basis that an inmate's custody pursuant to a state court judgment violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Accordingly, claims like Petitioner's that rest on issues of state law are not cognizable in a federal habeas petition. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.1988) ("It is clear from [28 U.S.C. § 2254(a)] that a habeas petition grounded on issues of state law provides no basis for habeas relief."). Moreover, "[i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures." *Id*. *See also, Osbourne v. McNeil*, 2010 WL 3942001, at *5 (S.D. Fla. Sept. 9, 2010), *report and recommendation adopted*, 2010 WL 3941938 (S.D. Fla. Oct. 7, 2010) ("The application of [Florida's] Criminal Punishment Code and sentencing scoresheets is a question of state law."). Petitioner's state law claim that the sentencing court improperly included 120 victim injury points raises no basis for federal habeas relief. Petitioner is therefore not entitled to relief on Ground One.

To the extent that Petitioner's claim may be liberally construed as alleging that trial counsel rendered ineffective assistance by failing to object to the addition of these victim injury points, the claim likewise warrants no relief. In denying this claim, the state post-conviction court stated:

> In his second ground, the Defendant alleges that 120 victim injury points for the death of the victim were improperly included in the Defendant's Criminal Punishment Code Scoresheet. The Defendant cites *Sims v. State*, 998 So. 2d 494 (Fla. 2008) for the proposition that victim injury points cannot be imposed for the offense of leaving the scene of an accident resulting in death. This inclusion of the victim injury points, contends the Defendant, resulted in concurrent sentences of 121.35 months on Counts 2 and 6 instead of the statutory maximum sentence of five years for third-degree felonies. The Defendant alleges that his counsel should have objected to the improperly calculated scoresheet and that counsel's failure to do so rendered the Defendant's plea unknowing and involuntary. Finally, the Defendant alleges that he would not have entered a plea had he known of the correct sentencing range.
>
> Upon review of the record, the Court finds that the holding of *Sims* is inapplicable and victim injury points were properly scored in the present case. In *Sims*, the defendant was charged only with leaving the scene of an accident resulting in death. The victim was lying on top of a bicycle in the road, and, under the facts, the trial court found that the accident was "nearly unavoidable." The trial court imposed 120 victim injury points resulting in a minimum permissible prison sentence of eight years, but entered a downward departure sentence since the accident was nearly unavoidable. *Sims* at 497. On appeal, the supreme court held that the imposition of victim injury points was error since the death of the victim was not the direct result of the underlying offense of leaving the scene of an accident resulting in death. The court noted that the record clearly established that the cause of the victim's death occurred *prior* to the underlying offense of leaving the scene. *Sims* at 506. The court reasoned:
>
>> Crucial to the determination of whether a causal connection exists between the death of the victim and the alleged offense of leaving the scene of an accident resulting in death is a determination of when this particular criminal offense began. Sims was not charged with vehicular *homicide or any other offense in which the crime actually involved the impact that caused the death. A conviction under that different circumstance would have satisfied the causation requirement for the imposition of victim-injury points*. Instead, Sims was only charged with the offense of leaving the scene of an accident resulting in death. It is reasonable to conclude that the decision to charge Sims with this

11

> lesser offense was due to the circumstances surrounding the accident, which made the collision "nearly unavoidable." (*emphasis added*)
>
> *Sims* at 506. That is, Sims' leaving the scene was not the cause of the victim's death and, therefore, it was error to impose victim injury points without a causal link between the charged offense and the death of the victim.
>
> In the present case, the Defendant, *inter alia*, was charged with Driving While License Cancelled, Suspended or Revoked and Causing Serious Bodily Injury or Death in violation of Section 322.34(6)(b), Fla. Stat. That statute provides that "any person who operates a motor vehicle while his or her driver's license or driving privilege is canceled, suspended, or revoked ... and who by careless or negligent operation of the motor vehicle causes the death of or serious bodily injury to another human being is guilty of a felony of the third degree, ..." By entering a plea of *nolo contendere* to this offense, the Defendant admitted the causal link between his careless or negligent operation of a motor vehicle and the death of the victim. Unlike the defendant in *Sims*, the Defendant admitted to an offense that satisfied the causation requirement for the imposition of victim injury points. Since the imposition of victim injury points was proper in this case, it logically follows that Defendant's counsel was not ineffective in failing to object their inclusion on the scoresheet. Ground 2 is denied.

(Dkt. 47-4, docket pp. 4-6) (emphasis in original) (footnote omitted).

The state post-conviction court determined that the imposition of the victim injury points was proper under Florida law. Although Petitioner's allegation of ineffective assistance raises a federal constitutional claim, this court must defer to the state court's determination of the underlying state law question. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005) ("It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'") (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)). The state court therefore has answered the question of what would have happened had counsel objected to imposition of the 120 victim injury points—the objection would have been overruled. *See Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (Alabama Court of Criminal Appeals had already answered the question of what would have happened had

12

counsel objected to the introduction of petitioner's statements based on state decisions; the objection would have been overruled; therefore, counsel was not ineffective for failing to make that objection). As the state court found, counsel is not ineffective for not raising a meritless claim. *See Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance."). Accordingly, Petitioner fails to show that counsel performed deficiently in not objecting to the imposition of the 120 victim injury points.

Petitioner does not establish that the state court's decision resulted in an unreasonable application of *Strickland* or was based on an unreasonable determination of fact. He therefore is not entitled to relief on Ground Two.

Any of Petitioner's allegations not specifically addressed herein have been determined to be without merit.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Second Amended Petition for Writ of Habeas Corpus (Dkt. 40) is **DENIED**. The **Clerk** shall enter judgment accordingly and close this case.

2. A Certificate of Appealability (COA) is **DENIED** in this case, since Petitioner cannot make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And because Petitioner is not entitled to a COA, he is not entitled to proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on February 20, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner *pro se*; Counsel of Record